UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT

| Jonathan H. Milizia<br><br>v.<br><br>Jon Murad<br>Erin Bartle<br>Eliza Novick-Smith | Case No.: 2:24-cv-021-cr |
|---|---|

**COMPLAINT**
(42 U.S.C §1983)

PARTIES

1. Jonathan Milizia, PLAINTIFF, is a private citizen of the State of Vermont.

2. Jon Murad, DEFENDANT, is a citizen of the State of Vermont and employed as Chief of Police at the Burlington Police Department, Vermont. The defendant acted under the color of state law at the times the claims occurred. The defendant is being sued in his official capacity.

3. Erin Bartle, DEFENDANT, is a citizen of the State of Vermont and employed as a sworn Officer at the Burlington Police Department, Vermont. The defendant acted under the color of state law at the times the claims occurred. The defendant is being sued in her official capacity.

4. Eliza Novick-Smith, DEFENDANT, is a citizen of the State of Vermont and employed as a deputy State's Attorney. The defendant acted under the color of law at the time(s) claims occurred. The defendant is being sued in her official capacity.

JURISDICTION

5. This court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. 1331 and 1343.

## CLAIMS

PLAINTIFF attests his inalienable Fourth, Fifth, Sixth and 14th amendment constitutional rights have been clearly violated and that the following facts form the basis for this action.

DEFENDANT Bartle was purportedly assigned to investigate assertions regarding Plaintiff despite the BPD having already received an affidavit and corresponding thumb drive that contained irrefutable proof on 8/29/23 (as referred to below) that the Plaintiff was a victim of Death Threats and multiple uncontested assaults at the hand of the party responsible for making the false allegations about Plaintiff to the BPD. On 10/17/23 Defendant Bartle sent text messages to Plaintiff's personal cellular telephone notifying him that he was being charged. 10/17/23 Plaintiff advised Defendant he'd been attacked and followed repeatedly by the party making subsequent claims, and referred to the violent, racist nature and content of the thumb drive BPD received on 8/29/23 to which Defendant egregiously ignored. 10/20/23 @ approximately 13:05 in a recorded phone conversation Defendant shockingly asserted that the BPD had NOT received any such evidentiary documentation, thumb drive or reports from Plaintiff or anyone on his behalf. Defendant intentionally denied the plaintiff equal protection pursuant to the 14th amendment by openly stating during the conversation that reports of domestic violence or crimes from the plaintiff against the other named party would be considered "retaliatory" and Plaintiff's evidence would not be considered though Plaintiff had a T.R.O. previously against the party and the reports from 8/29.

DEFENDANT Murad failed to intervene after receiving official requests to intervene via email from the plaintiff and witnesses; and failed to intervene after receiving formal complaints for failure to provide equal protection under the law. Defendant further failed to intervene with staff under his supervision from violating Plaintiff's rights.

DEFENDANT Novick-Smith whose office has been in possession of the evidentiary documentation referred to above since July 12, 2023 (as evidenced by the chain of email correspondence between Plaintiff and the State's Attorney's Office) has continued to fail to acknowledge its existence in clear violation of Plaintiff's Fifth amendment rights and 14th amendment rights. Notably Defendant Murad stated in an email addressed to the Plaintiff on 11/21/23 that BPD had "reviewed" the material and was giving the aforementioned evidence back to Defendant Novick-Smith's office for her review as of that day (11/21/23). Attorney Sarah Varty also forwarded this email to Defendant. Atty Varty further advised Defendant that Plaintiff was not the criminal in fact, was a victim of assaults, threats and racist/hate speech (as the thumb drive contains footage of the Plaintiff being attacked while being called the "N" word with a hard "R"). To Date Defendant has intentionally violated Plaintiff's 5th and 14th amendment rights by failing to acknowledge and disclose all exculpatory evidence to the court.

**COUNT 1: Deprivation of Fourth and 14th Amendment Rights of the Constitution of the United States of America.**

a. On July 12, 2023, a packet was hand delivered to the Chittenden County State's Attorney's Office and contained: 1) Affidavit of fact detailing dates and times of multiple violent uncontested assaults Plaintiff endured at the hand of a known drug dealer. 2) A thumb drive containing footage of death threats and some of the threats and assaults cited in the affidavit. 3) Color photographs and descriptions of the physical injuries Plaintiff sustained as a direct result of the assaults.
b. On July 28, 2023, Due to the BPD's lack of assistance, plaintiff was escorted by Chittenden County Sheriff Dan Gamelin as a personal favor to Plaintiff and a hired team of two additional parties for the collection of Plaintiff's personal property for a time period anticipated not to exceed 15 minutes. Plaintiff and the aforementioned parties immediately observed that Plaintiff's property had been clearly ransacked and looted. Photographs and Video taken and obtained from 6.2.23 (Plaintiff's last day at residence) are in complete contrast from the footage of the exact space from the exact angles from this day as attested by witnesses in other courts.
c. On August 29, the BPD was entrusted with the aforementioned evidentiary documentation along with a group of color photographs of items that were stolen from Plaintiff and a personalized letter requesting assistance regarding the crimes Plaintiff endured.
d. On October 20, 2023, at approximately 13:05 defendant Bartle stated that the Burlington Police never received the aforementioned documents and that any reports of domestic violence from the plaintiff against the other party would be considered "retaliatory" and would not be investigated.
e. On October 26, 2023, Lieutenant Michael P. Henry stated the aforementioned documents were entered into evidence on October 26, 2023, at 1645 hours; and the documents were located in the Officer's mailbox despite having been there since August, in violation of Plaintiff's 14th Amendment Right, whereas Plaintiff requested action, advocacy and protection and was denied-
f. On November 3, 2023, plaintiff filed an administrative complaint regarding the missing property including the evidentiary documentation entrusted to the BPD on 8/29/23.
g. On 11.20.23, Plaintiff filed a complaint regarding the stalking and unlawful monitoring he'd been subjected to as a result of the BPD's refusal to provide equal protection to Plaintiff. (T22-27653)

PLAINTIFF was intentionally denied equal protections under the 14th Amendment by Defendant Bartle when irrefutable proof of violent crimes endured by the Plaintiff was stated to be retaliatory and would not be investigated on 10/20/23 at approximately 13:05 despite it being entrusted to BPD months prior.

PLAINTIFF was further denied equal protection under the law by DEFENDANT Murad who failed to intervene in police misconduct engaged in by Lt. Henry, and Def. Bartle. Def. Murad reviewed the administrative complaint and found an unnamed officer to be in violation of department's directives and protocols however failed to remedy or even respond to complaints regarding equal protection or complaints and reports of stalking the Plaintiff recently endured nor took any action to provide protection or service to the Plaintiff at any time resulting in significant loss and damages to Plaintiff.

**COUNT 2: Deprivation of Fourth, Fifth and 14th Amendment Rights of the Constitution of the United States Of America**

On July 28, 2023, Due to the BPD's lack of assistance, Plaintiff was escorted by Chittenden County Sheriff Dan Gamelin as a personal favor to Plaintiff along with a hired team of two additional parties for the collection of Plaintiff's personal property for a period anticipated not to exceed 15 minutes. Plaintiff and the parties immediately observed that Plaintiff's property had been clearly ransacked and looted. Photographs and Video taken and obtained from 6.2,23 (Plaintiff's last day at residence) are in complete contrast from the footage of the exact space from the exact angles from this day as attested by witnesses in other courts.

On August 29, 2023, Plaintiff entrusted BPD with evidentiary documentation as cited above and requested the help of the BPD in assisting him with recovering stolen items and preventing the individual who'd been captured on film attacking Plaintiff and threatening his life, to cease following and filming him. However, BPD lost the materials and subsequently refused to provide any assistance or equal protection to Plaintiff, as noted. Between August and December 2023, plaintiff worked when allowed and purchased estate jewelry for the purposes of resale and replenishing his missing inventory for his BFM booth, and other venues Plaintiff operates while other work-related property was made unaccessible to the Plaintiff as a result of BPD's failure to intervene and; failure to provide equal protection(s) to Plaintiff as required.

On December 27, 2023, much to the outrage and disgust of many, a bag of estate jewelry that Plaintiff had just listed on various online platforms was stolen from the vehicle used by the plaintiff for transportation and shelter on nights he's unable to use his mailing address due to renovation and other activity. These thefts have been an ongoing issue of deep concern as these thefts paired with the Defendant's violations of Plaintiff's rights have resulted in a near bankruptcy scenario to Plaintiff.

**COUNT 3: Violation of Fifth, Sixth and 14th Amendment Rights of the Constitution of the United States Of America**

Since July 2023 Defendant Novick-Smith has been in possession of evidentiary documentation including an affidavit of fact and a corresponding thumb drive that contained approximately eight brief videos demonstrating death threats and violent attacks Plaintiff endured at the hand of Amy J. Woodmansee Spooner, also known as Amy J. Spooner. The documentation included witness statements and color photographs demonstrating the injuries Plaintiff sustained as a direct result of the attacks. Though Defendant's office offered to leave the documentation for the Plaintiff to retrieve, it was not retrieved and remained in the Defendant's possession. On November 21, as cited above, Defendant Novick-Smith re-received the documentation from the BPD as articulated by BPD in their email dated 11/21/23 and received by Plaintiff on 11/21/23. Attorney Sarah Varty also forwarded this email and information to Defendant in addition to holding a conversation with Defendant wherein she advised Defendant that Plaintiff was in fact the victim of assaults & death threats and implored Defendant to reconsider her action, however, to date, Defendant has failed to acknowledge the existence of this exculpatory evidence nor bring it to the attention of the Court in clear violation of Plaintiff's Fifth Amendment Rights.

## INJURY/DAMAGE(S)

As a direct result of the DEFENDANTS actions, the PLAINTIFF has suffered substantial adverse impacts to physical and mental, social and economic health.

1. Loss of property. The PLAINTIFF lost pertinent work-related supplies and tools, cellular phones and a laptop that contained evidentiary files, photos and documentation including confidential client information & notes, medical records, irreplaceable family and vintage photographs, all personal effects, articles of clothing, a large selection of inventory that was intended for resale at Plaintiff's booth at the B.F.M. and for donation purposes, a personal gift from Plaintiff's Client's Father (Tony Pomerleau) who is deceased, in addition to all items reported to BPD on 8/29/23.

2. Loss of time. The time required to ameliorate and mitigate the ongoing misconduct by the DEFENDANTS required copious amounts of PLAINTIFF'S time and effort, all of which would have been unnecessary had the Defendants not violated Plaintiff's rights.

3. Loss of employment. As a result of the Defendant's actions, the PLAINTIFF was made ineligible for innumerable jobs and was forced to endure inconceivable scheduling alterations to a contract with a client on Pine Street wherein Plaintiff's hours to fulfill his duties were reduced nearly 50%.

4. Severe Emotional distress. The Defendant's continued violations of Plaintiff's rights have resulted in:
    a. Increased the PLAINTIFF''s frequency of nightmares, decreased ability to sleep.
    b. Induced fear and panic in the PLAINTIFF during stalking that Defendant's enabled and increased fear of future stalking;
    c. Induced panic attacks in the PLAINTIFF when Spooner has been present at court hearings and approached him and a witness in the hall and stated to a witness that "I'll catch up with you later"; (this transpired in front of BPD's advocate Mary Mcallister on 9.15.23 who failed to observe the stark contrast of Spooner's behavior though Spooner erroneously asserted to McAllister and Defendant Bartle, that the Witness had verbally abused her just prior to this day.
    d. Drastically decreased the PLAINTIFF'S physical and mental health and sense of well-being.

## REQUEST FOR RELIEF

   A. Monetary Relief

   1. Order Defendants to Remunerate Plaintiff for damages in the amount of 45,000.00

   B: Additional Relief

1. Order Defendants Murad and Bartle to issue the Plaintiff a letter of formal apology citing they acknowledge Plaintiff is a victim of crime.
2. Order Defendant Murad to review and revise Key Department Directive DD21.01 and associated policies, procedures, and staff assignments to provide more than one Domestic Violence Prevention Officer and more than one Domestic Violence Advocate, establishing a new process that offers the same level of consideration and protection to all parties and not in violation of the Constitution of the United States of America.
3. Order Defendant Bartle to undergo a psychiatric evaluation or, to not operate in official capacity until she can pass a written exam administered by a non-bias accredited third party demonstrating she fully understands the oath she swore to uphold and defend.
4. Order Defendant Novick-Smith to immediately cease and desist all action(s) against Plaintiff and provide Plaintiff with a written apology for failing to acknowledge Plaintiff's rights

DATE: 1/8/24

SIGNATURE: _Jon Milizia_

NAME (print): Jon Milizia

ADDRESS: 17 school st  05401

TELEPHONE NUMBER: 602 391 7440