Re: 2:24-CV-021-CR

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUL 12  PM 4: 52

BY _____
DEPUTY CLERK

**COMPLAINT**

(18 USC 241, 42 USC 1983)

1. Jon Milizia, PLAINTIFF, is a private citizen in the state of Vermont.

2. John Murad, DEFENDANT, is a citizen of the State of Vermont and employed as the current Chief of Police at the Burlington Police Department. The Defendant acted under the color of law at the time(s) the claims occurred and therefore, is being sued in his official capacity.

3. Erin Bartle, DEFENDANT, is a citizen of the State of Vermont, and is employed as an officer at the Burlington Police Department. The Defendant acted under the color of law at the time(s) the claims occurred and therefore is being sued in her official capacity.

4. Eliza Novick-Smith, DEFENDANT, is a citizen of the State of Vermont, is employed as a deputy state's attorney. The Defendant acted under the color of law and individual capacity. Defendant is being sued in all capacities.

**CLAIMS**

PLAINTIFF attests his fourth, fifth, sixth and 14th amendment constitutional rights were violated, and the following facts form the basis of this action.

On July 12, 2023, Plaintiff contacted Def. Novick-Smith's office seeking advocacy and assistance in regard to (23-FA-0165 MILIZIA V. SPOONER). Plaintiff provided Def's office with evidentiary documentation including witness statements, a notarized affidavit of fact and a thumb drive containing footage of violent assaults perpetrated against him by the

Defendant in the above cited Vt. Family Court Docket. The statement given by this office was they could not provide advocacy unless it's a criminal matter.

Def's office further advised Plaintiff to bring the materials to the PD. The Def's office offered to leave for Plaintiff to retrieve, however, they were not available when Plaintiff attempted to retrieve it.

On August 29, 2023, Plaintiff provided BPD with the evidentiary documentation and materials.

On Oct. 17, DEFENDANT, Erin Bartle contacted PLAINTIFF's cell phone via text message asserting she wanted to discuss an incident, to which Plaintiff respectfully articulated having no knowledge of any such incident and referred to the aforementioned evidentiary documentation and it's contents, adding that the individual clearly heard attacking Plaintiff and threatening his life in the footage on the thumbdrive entrusted to the BPD had in fact, despite alleging victimhood, continued to monitor, follow, harass and film him, despite there being a restraining order against the individual previously. DEFENDANT Bartle response was "Ok, No Worries", immediately followed by stating that Plaintiff was being "charged", clearly violating PLAINTIFF'S 14th amendment rights of equal protection.

On Oct. 20, 2023, DEFENDANT Bartle, on a recorded phone call, while operating in her capacity as officer, erroneously asserted that BPD had never received any evidentiary or other documentation from PLAINTIFF, and shockingly stated that anything received by PLAINTIFF or anyone on his behalf would be considered "retaliatory" and "would not" be considered, intentionally violating PLAINTIFF's Fifth, Sixth and 14th amendenment rights.

DEFENDANT Murad intentionally failed to intervene after receivng mulitple official requests, complaints, and numerous emails and calls from PLAINTIFF and witnesses.

On or about 10/30/23 On or about 10/30/23 DEFENDANT Murad's office notified witnesses and others who filed complaints that BPD had in fact located the missing evidentiary documentation entrusted by PLAINTIFF on 8/29/23.

PLAINTIFF made several efforts to remedy the matter including but not limited to involving the Police Commission and other agencies.

On November 21, 2023 DEFENDANT Murad's office authored a letter addressed to PLAINTIFF citing that BPD gave the evidentiary documentation back to DEFENDANT Novick-Smith's Office.

Atty. Sarah Varty additionally contacted DEFENDANT Novick-Smith and brought the letter to her attention again. DEFENDANT Novick-Smith erroneously contends that she did not

have to acknowledge the evidentiary documentation, because she doesn't view it as exculpatory, despite being aware of the Supreme Court's precedent. DEFENDANT Novick-Smith's on and off record statements regarding such matters demonstrate a clear contradiction to the Rulings and Precedent of the Supreme Court, and an egregious attempt to circumvent the Supreme Court's ruling(s). One prominent example on record is the day PLAINTIFF was "arraigned" and had not even filled out a request for a public defender, yet DEFENDANT Novick-Smith continued to engage in a proceeding without questions being answered and continued to attempt to have restrictions placed on PLAINTIFF despite no proof he committed a crime. DEFENDANT Novick-Smith nor the Court provided any answer to PLAINTIFF'S question of which of the two jurisdictions provided in the constitution is the court attempting to operate under. It is the DEFENDANT's and the Court's obligation to provide the nature, cause and jurisdiction to PLAINTIFF.

DEFENDANT Novick-Smith and her colleagues ignored phone calls and letters from witnesses and others, in addition to inquiries pertaining to jurisdiction, including motions stamped and entered in December that required an answer or hearing within 60 days pursuant to the VRCP, that cited that cited three Supreme court cases and rulings encompassing the matter:

(Hagans V Lavigne 415 US 533), (Melo V Us 505 2fd 1026) and (Hagans V Lavigne 415 US 533), (Melo V Us 505 2fd 1026) and (Rescue Army V. Municipal Court of Los Angeles)

"A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and the court must have the authority to decide that question in the first instance." See Rescue Army V. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1966, 67 S. Ct. 1409


"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action."

See Melo V. US, 505 F2d 1026


"The law provides that once State and Federal jurisdiction has been challenged, it must be proven." See Main V. Thiboutot, 100 S. Ct. 2502 (1980)

See also Hagens V. Lavine, 415 U.S. 533

# Damages/Injury

PLAINTIFF respectfully requests this court order:

1. Each DEFENDANT to remunerate PLAINTIFF in the amount of 15,000.00 totaling 45,000.00

2. DEFENDANT Murad to immediately revise any or all protocols and procedures that contain option(s) that violate anyone's inalienable rights and, to provide equal protection under the 14th amendment.

3. DEFENDANT Bartle to perform a test or exam premised on the rights that she swore an oath to uphold and defend, before operating again in any official capacity.

4. DEFENDANT Novick-Smith to immediately cease and desist from practicing or implementing any activism, or ideology in any official capacity. Immediately cease and desist carrying out the values and agenda(s) of their funding source, the open society foundation in any official capacity.

5. All DEFENDANTS author a note of apology to PLAINTIFF citing they acknowledge he is a crime victim, and to cease and desist any further action(s) against PLAINTIFF (if this hasn't already been agreed upon)

Plaintiff Respectfully requests this court
to remedy this matter.

Jan Ulifin (Plaintiff)

Signed 7/10/24